Case 7:19-cr-00859 Document 1 Filed on 05/08/19 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
FILED
MAY - 8 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | Criminal No. **M-19-859** |
| | § | |
| RAMON HIRAM OLIVARES | § | |
| | § | |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise stated:

1. The Federal Deposit Insurance Corporation was an agency of the United States Government which insured financial institutions.

2. Wells Fargo Bank, National Association, and its branches (hereinafter "Wells Fargo Bank") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

3. An individual with the initials "N.A." owned and operated a home health agency (hereinafter the "Home Health Agency") which did business within the McAllen Division of the Southern District of Texas.

4. The Defendant, RAMON HIRAM OLIVARES, was an employee of the Home Health Agency.

### COUNTS 1-21
### Bank Fraud
### (18 U.S.C. §§ 1344(2) and 2)

#### Scheme and Artifice to Defraud

5. Paragraphs 1 through 4 are incorporated herein by reference.

6. Starting in or around 2012 and continuing through in or around 2014, in the McAllen Division of the Southern District of Texas and elsewhere, defendant RAMON HIRAM OLIVARES, did knowingly execute and attempt to execute a scheme and artifice to defraud Wells Fargo Bank, a federally insured financial institution, and to obtain moneys, funds, and other property owned by and under the custody and control of Wells Fargo Bank by means of false and fraudulent pretenses, representations, and promises as further set forth below.

## Method and Means of the Scheme and Artifice

7. It was part of the scheme and artifice to defraud that defendant obtained personal identifying information from one or more individuals by representing that the information would be used to secure employment at the Home Health Agency.

8. It was further a part of the scheme and artifice to defraud that defendant obtained personal identifying information of an individual by representing he was associated with the United States Government.

9. It was further a part of the scheme and artifice to defraud that defendant obtained personal identifying information from the individuals who were primarily residing and working in Mexico.

10. It was further a part of the scheme and artifice to defraud that defendant obtained checks made payable to the individuals by the Home Health Agency drawn on an account with International Bank of Commerce for services purportedly rendered, whether as an employee or as a contractor.

11. It was further a part of the scheme and artifice to defraud that the individuals to whom the checks were made payable were not nor had they ever been employed by or contracted with the Home Health Agency or N.A.

12. It was further a part of the scheme and artifice to defraud that the individuals to whom the checks were made payable were unaware of any employment or contractor status with the Home Health Agency or N.A.

13. It was further a part of the scheme and artifice to defraud that the individuals to whom the checks were made payable had never performed or rendered any services for either the Home Health Agency or N.A.

14. It was further a part of the scheme and artifice to defraud that the individuals to whom the checks were made payable were unaware of the issuance of checks in their name by the Home Health Agency or N.A.

15. It was further a part of the scheme and artifice to defraud that defendant forged the signatures of the individuals to whom the checks were made payable in order to make it appear to Wells Fargo Bank that checks were properly endorsed by the payees.

16. It was further a part of the scheme and artifice to defraud that defendant indicated on the checks that the checks were for deposit into defendant's bank account at Wells Fargo Bank with an account number ending in "8522" (the "8522 Account").

17. It was further a part of the scheme and artifice to defraud that the defendant withdrew cash from the 8522 Account from various Wells Fargo Bank branches.

18. It was further a part of the scheme and artifice to defraud that the defendant approached one or more of the individuals to whom the checks were made payable with an Internal Revenue Service form W-2 and represented to one more of the individuals that they had not been removed from the Home Health Agency payroll.

19. It was further a part of the scheme and artifice to defraud that the defendant arranged for the deposit of check number 22072 made payable to J.G. from the Home Health Agency into a bank account shared by defendant's sister, D.O., and J.G.; after which the deposited amount was withdrawn from the shared account in cash without the authorization of J.G.

20. It was further a part of the scheme and artifice to defraud that the defendant deposited approximately 69 checks made payable to individual J.G. in the total amount of approximately $135,500 into the 8522 Account.

21. It was further a part of the scheme and artifice to defraud that the defendant deposited approximately 16 checks made payable to individual R.P. in the total amount of approximately $48,900 into the 8522 Account.

22. It was further a part of the scheme and artifice to defraud that the defendant deposited at least approximately 25 checks made payable to individual S.B. in the total amount of approximately $30,500 into the 8522 Account.

**Execution of the Scheme and Artifice**

23. Defendant executed and attempted to execute the above-described scheme by presenting the following checks on or about the dates listed below to Wells Fargo Bank, each of which checks were made payable to payees under false and fraudulent pretenses, and each of which bore a forged endorsement of said payee:

4

| Count | Date (on or about) | Payee Initials | Check No. | Amount |
|---|---|---|---|---|
| 1 | 10/19/2012 | J.G. | 20885 | $2,000 |
| 2 | 10/19/2012 | S.B. | 20887 | $1,250 |
| 3 | 11/02/2012 | S.B. | 20908 | $1,250 |
| 4 | 11/02/2012 | J.G. | 20907 | $2,000 |
| 5 | 05/30/2013 | R.P. | 21434 | $3,000 |
| 6 | 05/30/2013 | J.G. | 21426 | $3,000 |
| 7 | 06/13/2013 | J.G. | 21452 | $3,000 |
| 8 | 06/13/2013 | R.P. | 21460 | $3,000 |
| 9 | 06/19/2013 | J.G. | 12028 | $3,500 |
| 10 | 06/28/2013 | R.P. | 21532 | $3,000 |
| 11 | 06/28/2013 | J.G. | 21524 | $3,000 |
| 12 | 07/11/2013 | J.G. | 21543 | $3,000 |
| 13 | 07/11/2013 | R.P. | 21552 | $3,000 |
| 14 | 07/25/2013 | R.P. | 21592 | $3,000 |

| 15 | 07/25/2013 | J.G. | 21583 | $3,000 |
| 16 | 08/07/2013 | J.G. | 21634 | $3,000 |
| 17 | 08/07/2013 | R.P. | 21641 | $3,000 |
| 18 | 08/22/2013 | R.P. | 21690 | $3,000 |
| 19 | 08/22/2013 | J.G. | 21681 | $3,000 |
| 20 | 09/05/2013 | R.P. | 21759 | $3,000 |
| 21 | 09/05/2013 | J.G. | 21750 | $3,000 |

All in violation of Title 18, United States Code, §§ 1344(2) and 2.

## COUNT 22
**Conspiracy to Launder Monetary Instruments**
**(18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h))**

24. Paragraphs 1 through 4 are incorporated herein by reference.

25. From in or about November 2013 to in or about May 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court defendant RAMON HIRAM OLIVARES did knowingly combine, conspire, and agree an individual ("CC-1") and other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, distribution of a Schedule II controlled substance, to wit: cocaine, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h).

**Manner and Means**

26. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

   a) In or around 2013, CC-1 was engaged in illegal drug trafficking and received proceeds of illegal drug trafficking in the form of cash;

7

b) In or around 2013, defendant approached CC-1 about exchanging cash for payroll checks from the Home Health Agency;

c) CC-1 did not work for, and was never an employee of, the Home Health Agency;

d) On multiple occasions, defendant provided CC-1 with disguised payroll checks from the Home Health Agency made payable to CC-1;

e) Checks provided by defendant to CC-1 from the Home Health Agency included false descriptions on the checks such as "pay period" and "payroll" designed to conceal and disguise the nature of the checks;

f) CC-1 thereafter deposited some of the disguised payroll checks into CC-1's bank account;

g) In return for the disguised payroll checks, CC-1 provided defendant with cash derived from illegal drug trafficking;

h) The disguised payroll checks provided CC-1 with what appeared to be a legitimate source of income;

i) When interviewed by investigators, defendant attempted to conceal and further the conspiracy by falsely stating that CC-1 was an employee of the Home Health Agency;

j) When interviewed by investigators, defendant attempted to conceal and further the conspiracy by falsely stating that CC-1 provided marketing services to the Home Health Agency.

All in violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 1956(h).

## COUNT 23
### False Statements to Federal Agents
### (18 U.S.C. § 1001(a)(2))

27. Paragraphs 1 through 4 are incorporated herein by reference.

28. On or about March 29, 2019, within the McAllen Division of the Southern District of Texas and elsewhere, defendant RAMON HIRAM OLIVARES did knowingly and willfully make one or more materially false, fictitious, and fraudulent statements and representations, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: federal agents of the Federal Bureau of Investigation and United States Marshals Service, in that the defendant:

a) falsely stated to federal agents that an individual, referred to herein as "J.G." provided handyman services for N.A., the owner of the Home Health Agency, when in fact, as defendant well knew, J.G. did not provide such services for N.A.;

b) falsely stated to federal agents that defendant deposited checks from the Home Health Agency made out to J.G. into his bank account and provided the cash from said checks to J.G., when in fact, as defendant well knew, defendant did not provide the cash from said checks to J.G.;

c) falsely stated to federal agents that an individual, referred to herein as "R.P." provided contract labor services for N.A., when in fact, as defendant well knew, R.P. did not provide such services for N.A.;

d) falsely stated to federal agents that defendant deposited checks from the Home Health Agency made payable to R.P. into his bank account and provided the cash from said

checks to R.P., when in fact, as defendant well knew, defendant did not provide the cash from said checks to R.P.;

e) falsely stated to federal agents that an individual ("CC-1"), was an employee of the Home Health Agency, when in fact, as defendant well knew, CC-1 was never an employee of the Home Health Agency;

f) falsely stated to federal agents that an individual, referred to herein as "S.B." provided domestic services for N.A., when in fact, as defendant well knew, S.B. did not provide such services for N.A.;

g) falsely stated to federal agents that defendant deposited checks from the Home Health Agency made out to S.B. into defendant's bank account and provided the cash from said checks to S.B., when in fact, as defendant well knew, defendant did not provide the cash from said checks to S.B.

All in violation of Title 18, United States Code, § 1001(a)(2).

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(2)(A)
### Bank Fraud

29. Upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in Counts 1 through 21 of this Indictment, the defendant RAMON HIRAM OLIVARES shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

30. The property subject to forfeiture, includes, but is not limited to, the following property: approximately $214,900 in U.S. currency.

## 18 U.S.C. § 982(a)(1)
## Money Laundering

31. Upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as set forth in Count 22 of this Indictment, the defendant RAMON HIRAM OLIVARES shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property

32. The property subject to forfeiture, includes, but is not limited to, the following property: approximately $61,000 in U.S. currency.

## Money Judgment and Substitute Assets

33. Defendant RAMON HIRAM OLIVARES is notified that a money judgment may be imposed equal to the total value of the property subject to forfeiture.

34. If any of the property described above, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)

    All pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2)(A), and 28 U.S.C. § 2461(c).

A TRUE BILL

_____

FOREPERSON OF THE GRAND JURY

RYAN PATRICK
UNITED STATES ATTORNEY

_____
ANDREW SWARTZ
ASSISTANT UNITED STATES ATTORNEY

_____
MARIAN SWANBERG
SPECIAL ASSISTANT UNITED STATES ATTORNEY

A TRUE BILL

_____

FOREPERSON OF THE GRAND JURY

RYAN PATRICK
UNITED STATES ATTORNEY

_____
ANDREW SWARTZ
ASSISTANT UNITED STATES ATTORNEY

_____
MARIAN SWANBERG
SPECIAL ASSISTANT UNITED STATES ATTORNEY